```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

FETU KOLIO; KAZNER ALEXANDER;   ) CIVIL NO. 11-00266 LEK-RLP
and FRANCES WONG, individually  )
and on behalf of a class of     ) FINDINGS AND RECOMMENDATION TO
past, present, and future       ) DENY PLAINTIFFS' MOTION FOR CLASS
residents of Mayor Wright       ) CERTIFICATION
Housing,                        )
                                )
              Plaintiffs,       )
                                )
      vs.                       )
                                )
STATE OF HAWAII; HAWAII PUBLIC  )
HOUSING AUTHORITY; DENISE WISE  )
IN HER OFFICIAL CAPACITY AS     )
EXECUTIVE DIRECTOR OF THE       )
HAWAII PUBLIC HOUSING           )
AUTHORITY; AND DOES 1-20.       )
                                )
              Defendants.       )
_____ )
```

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION[1]

Before the Court is Plaintiffs' Motion for Class Certification, filed on June 26, 2012 ("Motion"). ECF No. 30. Defendants filed their Opposition to Plaintiffs' Motion on August 6, 2012. ECF No. 35. Plaintiffs filed their Reply on August 13, 2012. ECF No. 37. The Motion came on for hearing before the Court on August 27, 2012, at 2:30 p.m. John Rhee, Esq., appeared on behalf of Plaintiffs. John M. Cregor, Jr., Esq., John C.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Wong, Esq., Henry S. Kim, Esq., and Jennifer R. Sugita, Esq. appeared on behalf of Defendants. After carefully reviewing the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, the record established in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be DENIED.

BACKGROUND

Plaintiffs Fetu Kolio, Kazner Alexander, and Frances Wong filed a Complaint against the State of Hawaii and the Hawaii Public Housing Authority ("HPHA") and Denise Wise in her official capacity as Executive Director of the HPHA alleging violations of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and the Fair Housing Act Amendments ("FHAA"). Plaintiffs suffer from a wide array of health problems including mobility disabilities, breathing impairments, arthritis, asthma, and heart problems. Compl. ¶¶ 7-9. Plaintiffs' claims are based on Defendants' alleged failures to provide safe and accessible housing, remedy hazardous environmental conditions, and respond to requests for reasonable modifications and accommodations for Plaintiffs' disabilities at Mayor Wright Housing ("MWH"), where Plaintiffs reside. Id. ¶ 15.

Plaintiffs request that the Court certify a class of plaintiffs to be defined as follows:

> All present and future residents of MWH who are eligible for public housing, who have mobility impairments or other disabling medical conditions that constitute "disabilities" or "handicaps" under federal disability nondiscrimination laws, and who are being denied access to the facilities, programs, services, and/or activities of the Defendants, and/or discriminated against, because of the architectural barriers and/or hazardous conditions described herein.

Mem. in Supp. of Mot. at 4.

MWH is a 364-unit public housing project that receives federal financial assistance and is owned, operated, and controlled by Defendants. Compl. ¶ 2. The Complaint alleges that MWH is characterized by architectural barriers, leaking and bursting plumbing, an almost total lack of hot water, rat and roach infestations, overflowing trash piles, toxic air filed with noxious particulate, and other hazardous and inaccessible conditions. Id. ¶ 27. The Complaint alleges that Defendants have failed to implement an effective system for responding to requests for reasonable modifications/accommodations and have failed to respond to Plaintiffs' numerous requests for reasonable modifications. Id. ¶ 26. The Complaint alleges that Defendants have a practice of denying such requests through consistent inaction. Id. ¶ 27. In their prayer for relief, Plaintiffs seek (1) a declaratory judgment stating that Defendants have violated Title II of the ADA, Section 504, and the FHAA; (2) injunctive relief necessary to bring Defendants into compliance with the

ADA, Section 504, and the FHAA; (3) an award of compensatory damages, including damages for emotional distress and pain and suffering; and (4) fees and costs. Compl. at 32.

ANALYSIS

A plaintiff moving to certify a class has the burden of showing that the proposed class satisfies the requirements of Rule 23. See Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2548 (2010). Rule 23(a) states four threshold requirements applicable to all class actions:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequacy of representation. See United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010). If the prerequisites of Rule 23(a) are met, the Court must next consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b). Narouz v. Charter Communs., LLC, 591 F.3d 1261, 1266 (9th Cir. 2010).

The court must conduct a rigorous analysis to determine whether the prerequisites of Rule 23 have been met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). "[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class. More importantly, it is not correct to say a district court may consider the merits to the extent that they overlap with class certification issues; rather, a district court must consider the merits if they overlap with Rule 23(a) requirements." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011). Nonetheless, the district court does not conduct a mini-trial to determine if the class "could actually prevail on the merits of their claims." Id. at 983 n.8; United Steel, 593 F.3d at 808 (citation omitted) (court may inquire into substance of case to apply the Rule 23 factors, however, "[t]he court may not go so far . . . as to judge the validity of these claims."). If the court is not fully satisfied that the requirements of Rules 23 have been met, certification should be refused. Falcon, 457 U.S. at 161.

The Court need not address all of the Rule 23(a) requirements because it finds that Plaintiffs have failed to demonstrate numerosity. The numerosity inquiry "requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of the NW, Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980). In general, the numerosity

requirement is satisfied when a class includes at least 40 members. <u>Rannis v. Recchia</u>, 380 Fed. Appx. 646, 651 (9th Cir. 2010).

Plaintiffs allege that there are "hundreds" of putative class members. Compl. ¶ 15. In their Motion, Plaintiffs present an argument based on general statistics to support the numerosity requirement. Specifically, Plaintiffs make a "conservative assumption" that there are three individuals living in each of the 364 units in MWH, for 1,092 residents in total. Mem. in Supp. of Mot. at 15. Plaintiffs then cite 2000 United States Census data stating that 12.5 per cent of the population over age five is disabled, and that 36.7 per cent of the population over age 65 is disabled. <u>Id.</u> at 15-16. A print-out of this 2000 Census data is attached to the Declaration of Plaintiffs' counsel submitted in support of the Motion. <u>See</u> Ex. 1 to Decl. of John Rhee. Based on their assumptions, Plaintiffs assert that there are over one hundred present and future residents of MWH who meet the definition of disabled or handicapped under federal law affected by the conditions detailed in the Complaint and that joinder of those residents would be impracticable. <u>Id.</u> Plaintiffs also assert that the inclusion of future members in the proposed class makes joinder impractical as a matter of law. <u>Id.</u> at 17. In addition to these statistics, Plaintiffs also provide declarations from the named Plaintiffs and three

individuals who are current residents of MWH.  These individuals all state that they are disabled and have experienced pest infestations, a lack of hot water, trouble with security, and a lack of garbage collection.  Decl. of Ene Augafa ¶¶ 4-8; Decl. of Cheryl Bates ¶¶ 4-12; Decl. of Tausagafou Alaiunu ¶¶ 3-9.  These individuals also state that they have experienced difficulties in obtaining responses to their requests for accommodations in their MWH units.  Id.  Defendants argue that the anecdotal evidence from the declarations provided and the "speculative population data" is not sufficient to demonstrate numerosity.  Opp. at 11 n.5.

The Court finds that Plaintiffs have failed to meet their burden to demonstrate numerosity.  "A party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  Dukes, 131 S.Ct. at 2551 (emphasis in original).  Here, Plaintiffs have only provided unsubstantiated general statistical data and have not provided any concrete information to demonstrate that there are numerous parties.  Plaintiffs have not conducted any discovery or fact investigation to support their allegations regarding numerosity.

In their Motion, Plaintiffs rely heavily on a 2009 class certification decision in McMillion v. State of Hawaii, 261

F.R.D. 536 (D. Haw. 2009), which Plaintiffs contend is similar to the present case.  However, the numerosity finding by the court in McMillion is distinguishable because those plaintiffs provided information to the court that over 40 current residents had identified themselves as mobility disabled to the property manager of the housing complex and provided statistics from HPHA regarding the number of families on the waitlist for public housing that identified as disabled to support their numerosity arguments.  Id. at 542-43.  Here, Plaintiffs have provided no information regarding the number of residents in MWH that identify as disabled.  The only statistics provided are from general census data from 12 years ago supported only by counsel's declaration.

Additionally, even assuming Plaintiffs' statistical estimations are correct regarding the number of disabled residents living in MWH, there is no information provided that shows that those disabled residents have been denied access and/or discriminated against because of architectural barriers or hazardous conditions, which would be required to show that these residents meet the class member definition.  In conducting the required rigorous analysis, the Court finds that Plaintiffs have not provided "convincing proof" to satisfy their burden to demonstrate that the numerosity requirement has been met.  See Dukes, 131 S.Ct. at 2556.

8

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Class Certification be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 28, 2012.



_____
Richard L. Puglisi
United States Magistrate Judge

**KOLIO, ET AL. V. STATE OF HAWAII, ET AL., CIVIL NO. 11-00266 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**